UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DAVIS HENDERSON TATSHAMA, SR.,<br><br>　　　　　　　　　　Defendant. | NO: 2:20-CR-0064-TOR<br><br>ORDER DENYING MOTIONS TO DISMISS INDICTMENT |

BEFORE THE COURT are Defendant's Motion to Dismiss Indictment (ECF No. 29), and Defendant's Motion to Dismiss Count 2 of the Superseding Indictment (ECF No. 54). The motions were heard at the pretrial conference held on November 5, 2020. The United States is represented by AUSA Richard R. Barker and SAUSA Michael L. Vander Giessen. Defendant appeared personally and is represented by J. Stephen Roberts, Jr. and Houston Goddard of the Federal Defenders of Eastern Washington and Idaho. The Court has reviewed the record and files herein, the completed briefing, heard from counsel and is fully informed.

ORDER DENYING MOTIONS TO DISMISS INDICTMENT ~ 1

## BACKGROUND

On June 2, 2020, Defendant was charged by Indictment with one count of cyberstalking in violation of 18 U.S.C. § 2261A(2)(B). ECF No. 1. On August 11, 2020, Defendant moved to dismiss the Indictment for three reasons. ECF No. 29. First, Defendant contends that § 2261A(2) is unconstitutionally vague. *Id*. at 2-4. Second, Defendant contends the indictment is deficient because it does not provide a plain, concise, and definite written statement of the essential facts constituting the offense charged, to wit: it is not clear what the alleged "course of conduct" that is being charged. *Id*. at 4-5. Third, Defendant contends the indictment is deficient because it does not allege "2 or more acts" in order to satisfy the statutory definition of "course of conduct." *Id*. at 5-6.

On September 16, 2020, the grand jury issued a superseding indictment charging Defendant with two counts: cyberstalking in violation of 18 U.S.C. § 2261A(2)(B), count 1; and threats in interstate commerce in violation of 18 U.S.C. § 875(c), count 2. ECF No. 46. Count 1 of the Indictment alleges:

> On or about January 16, 2020, in the Eastern District of Washington, the Defendant, DAVIS HENDERSON TATSHAMA, SR., with the intent to harass and intimidate J.R.A., used an electronic communication system of interstate commerce to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to J.R.A., all in violation of 18 U.S.C. §§ 2261A(2)(B), 2261(b)(5).

ECF No. 46. The wording of this count is identical to the wording of the original indictment. ECF No. 1.

On October 22, 2020, Defendant moved to dismiss count 2 of the Superseding Indictment. ECF No. 54. Defendant contends that count 2 does not charge him with transmitting a communication "for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." *Id*. at 3. Defendant observes that the Supreme Court "held that while the statutory language applies a *mens rea* element only to the transmission of a communication, the crucial element making that act criminal is 'the threatening nature of the communication,' and '[t]he mental state requirement must therefore apply to the fact that the communication contains a threat.'" *Id*. at 2-3 (quoting *Elonis v. United States*, 575 U.S. 723, 135 S. Ct. 2001, 2011 (2015).

## DISCUSSION

**A. Whether 18 U.S.C. §§ 2261A(2)(B) is Unconstitutionally Vague**

"In a facial challenge, a statute is unconstitutionally vague if it fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement. . . ." *United States v. Osinger*, 753 F.3d 939, 943–44 (9th Cir. 2014) (citation omitted). "Vague statutes are invalidated for three reasons: (1) to avoid punishing people for behavior that they could not have known was illegal; (2) to

avoid subjective enforcement of laws based on arbitrary and discriminatory enforcement by government officers; and (3) to avoid any chilling effect on the exercise of First Amendment freedoms. . . ." *Id*. at 945 (citation omitted).

The Ninth Circuit upheld the constitutionality of a predecessor version of the current statute, 18 U.S.C. § 2261A, in *Osinger*. The prior version (eff. Jan. 5, 2006) provided in relevant part:

> Whoever . . . (2) with the intent—(A) to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate, or cause substantial emotional distress to a person in another State or tribal jurisdiction or within the special maritime and territorial jurisdiction of the United States ... uses the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct that causes substantial emotional distress to that person shall be punished as provided in section 2261(b) of this title.

*Osinger*, 753 F.3d at 943 n.1. The current version of § 2261A provides in relevant part:

> Whoever . . . (2) with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that—
>
>  . . .
>
> (B) causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of paragraph (1)(A),
>
> shall be punished as provided in section 2261(b) of this title.

ORDER DENYING MOTIONS TO DISMISS INDICTMENT ~ 4

18 U.S.C. § 2261A (eff. Dec. 20, 2018).

Defendant contends the statute "requires a showing of volition ("attempts to cause") for an abstract noun ("course of conduct")." ECF No. 44 at 2. Essentially, Defendant contends the statute "requires a showing of specific intent for the defendant ["intent to harass or intimidate another person"] and separately requires a showing that the course of conduct attempted to cause substantial emotional distress." *Id*. at 3. Defendant claims this is "incomprehensible statutory language." *Id*. at 4.

"It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Gundy v. United States*, 139 S. Ct. 2116, 2126 (2019) (quoting *National Assn. of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 666 (2007) ("[t]he meaning—or ambiguity—of certain words or phrases may only become evident when placed in context . . . ."). And beyond context and structure, the Court often looks to "history [and] purpose" to divine the meaning of language. *Gundy*, 139 S. Ct. at 2126.

The statute clearly prohibits an array of certain specified conduct. As it pertains to the charges here and read in full context, the statute plainly prohibits any person "with intent" to harass or intimidate another person from using certain facilities to engage in a course of conduct that causes substantial emotional

distress, or attempts to cause substantial emotional distress, or which would reasonably be expected to cause substantial emotional distress.  In essence the elements of the offense are: first, the defendant must have the specific intent to harass or intimidate; second, the defendant must use certain facilities; third, defendant must engage in a course of conduct, defined at 18 U.S.C. § 2266(2) as "a pattern of conduct composed of 2 or more acts, evidencing a continuity of purpose"; and fourth, the course of conduct must have resulted in one of three things: it caused substantial emotional distress, or defendant's course of conduct attempted to cause substantial emotional distress, or the course of conduct would reasonably be expected to cause substantial emotional distress.

Much of the statute was analyzed by the Ninth Circuit in *Osinger* and was held to be constitutional.  The amendment to the statute, as it pertains to this case and Defendant's specific challenge, concerns the addition of the "attempts to cause" language.  But there is nothing ambiguous about the amended language as it provides another alternative way to violate the statute.  There is no general federal attempt statute.  *United States v. Hopkins*, 703 F.2d 1102, 1104 (9th Cir. 1983) ("A defendant therefore can only be found guilty of an attempt to commit a federal offense if the statute defining the offense also expressly proscribes an attempt.").  The *mens rea* element for "attempt" to commit a crime is that defendant intended

to commit the crime.  *See United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1192 (9th Cir. 2000).

Accordingly, a plain reading of the text of the statute, in context, shows that the statute is not unconstitutionally vague.  The Ninth Circuit's opinion in *Osinger* fully supports this conclusion.

**B. Sufficiency of Cyberstalking Count**

Defendant contends the indictment is deficient because it does not provide the essential facts constituting the offense charged and because it does not allege "2 or more acts" in order to satisfy the statutory definition of "course of conduct." ECF No. 29 at 4-6.  Defendant contends the indictment does not comply with Federal Rule of Criminal Procedure 7(c)(1).

The Supreme Court addressed the standard by which Rule 7(c)(1) is satisfied in *United States v. Resendiz-Ponce*:

> As we have said, the Federal Rules "were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure."  While detailed allegations might well have been required under common-law pleading rules, they surely are not contemplated by Rule 7(c)(1), which provides that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged."

*Resendiz-Ponce*, 549 U.S. 102, 110 (2007) (citations omitted).  The Supreme Court identified two constitutional requirements for an indictment: "first, [that it] contains the elements of the offense charged and fairly informs a defendant of the

charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id*. at 108 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished. *Hamling*, 418 U.S. at 117 (quotation and citation omitted). "Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117-18 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)).

As it pertains to the allegation of "attempt", the Supreme Court squarely ruled that no further elaboration is necessary:

> Federal Rule of Criminal Procedure 31(c) is also instructive. It provides that a defendant may be found guilty of "an attempt to commit the offense charged; or ... an attempt to commit an offense necessarily included in the offense charged, if the attempt is an offense in its own right." Fed. Rules Crim. Proc. 31(c)(2)-(3). If a defendant indicted only for a completed offense can be convicted of attempt under Rule 31(c) without the indictment ever mentioning an overt act, it would be illogical to dismiss an indictment charging "attempt" because it fails to allege such an act.

*Resendiz-Ponce*, 549 U.S. at 110 n.7.

Additionally, if bears noting that while the Government proffers a factual recitation for the basis of the charge, the Court cannot consider such evidence in a pretrial motion to dismiss. The Court must only look to the Indictment itself. Indeed, it is a settled rule that even "a bill of particulars cannot save an invalid indictment." *Russell v. United States*, 369 U.S. 749, 770 (1962).

But nothing is invalid about the Indictment here. The Indictment sets for the date and location of the alleged offense and includes all the necessary elements of the offense. It sufficiently and fairly informs Defendant of the charge against which he must defend and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. The use of the words "course of conduct" is appropriate here because it is a legal term defined by statute. It is unnecessary that the Indictment further recite the 2 or more acts because it already explicitly charges Defendant with using "an electronic communication system of interstate commerce to engage in a course of conduct" on January 16, 2020. The failure of proof will be a decision for the jury to decide or the Court to decide on a Rule 29 motion, after trial.

### C. Sufficiency of Threats in Interstate Commerce Count

Count 2 of the Superseding Indictment alleges:

> On or about January 16, 2020, within the Eastern District of Washington, the Defendant, DAVIS HENDERSON TATSHAMA, SR. knowingly and willfully transmitted in interstate and foreign commerce electronic communications, to wit: Facebook messages

ORDER DENYING MOTIONS TO DISMISS INDICTMENT ~ 9

    containing threats to kill and injure J.R.A., all in violation of 18
    U.S.C. § 875(c).

ECF No. 46.  Essentially, Defendant contends that by tracking the statutory language, the superseding indictment omits the *mens rea* element required for the "threatening nature of the communication" rather than the act of transmission.

  The Supreme Court in *Elonis v. United States*, 575 U.S. 723, 135 S. Ct. 2001, 2011 (2015), reviewed the elements of the offense and the jury instructions, not the indictment.  The Supreme Court held that although § 875(c) omits any mention of criminal intent, the statute still "include[s] broadly applicable scienter requirements." *Id*. at 2009.  While the Supreme Court held the jury instructions wrongly omitted the necessary *mens rea*, it did not hold the indictment was insufficient.  As discussed at length above, the Supreme Court identified two constitutional requirements for an indictment: "first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Resendiz-Ponce*, 549 U.S. at 108 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).  It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to

constitute the offence intended to be punished. *Hamling*, 418 U.S. at 117 (quotation and citation omitted).

Here, the Superseding Indictment does not just track the words of the statute, but it also adds the *mens rea* element, "knowingly and willfully". While Defendant contends these words only pertain to the phrase "transmitted in interstate and foreign commerce", there is nothing which so limits the *mens rea* element alleged. Indeed, a natural reading of the entire charge, in context, shows that the words "knowingly and willfully" supply the "broadly applicable scienter requirements" to the allegation that the messages contained "threats to kill and injure J.R.A." *See United States v. Howard*, 947 F.3d 936, 944 (6th Cir. 2020) ("a reasonable reading of the indictment's text in its entirety . . . leads one to infer that the words modify all parts of the charge").

Thus, the Court finds Count 2 of the Superseding Indictment sufficiently and fairly informs Defendant of the charge against which he must defend and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

On November 3, 2020, the Grand Jury handed down a Second Superseding Indictment, ECF No. 58, which clarifies the *mens rea* allegations. Defendant conceded at oral argument that this amendment makes Defendant's argument moot.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Indictment, ECF No. 29, is **DENIED**.

2. Defendant's Motion to Dismiss Count 2 of the Superseding Indictment, ECF No. 54, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED November 5, 2020.



THOMAS O. RICE
United States District Judge