William D. Hyslop
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Michael Vander Geissen
Special Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 1 7 2020

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:20-CR-00064 |
| v. | Rule 11(c)(1)(C)<br>Plea Agreement |
| DAVIS HENDERSON TATSHAMA, SR., | |
| Defendant. | |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Richard R. Barker, Assistant United States Attorney and Michael Vander Geissen, Special Assistant United States Attorney for the Eastern District of Washington, and Defendant DAVIS HENDERSON TATSHAMA, SR., and Defendant's counsel, J. Stephen Roberts, Jr., agree to the following Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

1)    <u>Guilty Plea and Maximum Statutory Penalties</u>:

Defendant, DAVIS HENDERSON TATSHAMA, SR. (hereinafter Defendant), by and through this Plea Agreement and pursuant to CARES Act § 15002(b)(2), Pub. L. No. 116-136 (H.R. 748) (eff. March 27, 2020), and General Order No. 20-101-3

(E.D. Wa. Mar. 30, 2020), expressly waives his right to be physically present, *see* Fed. R. Crim. P. 43(a), and consents to appear by video teleconferencing and agrees to plead guilty to Count 2 in the Second Superseding Indictment dated November 3, 2020, charging Defendant with Threats in Interstate Commerce in violation of 18 U.S.C. § 875(c). Defendant understands that this is a Class D Felony, which carries a maximum penalty of not more than a 5-year term of imprisonment; a fine not to exceed $250,000; not more than a 3-year term of supervised release; restitution; and a $100 special penalty assessment.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2) <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that this is a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) and that the United States may withdraw from this Plea Agreement if the Court imposes a lesser sentence than agreed upon. The Defendant

further understands that the Defendant will have the option to withdraw from this Plea Agreement if the Court imposes a sentence harsher than agreed upon.

   3)   Waiver of Constitutional Rights:

   Defendant understands that by entering this plea of guilty Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

   a)   The right to a jury trial;

   b)   The right to see, hear and question the witnesses;

   c)   The right to remain silent at trial;

   d)   The right to testify at trial; and

   e)   The right to compel witnesses to testify.

   While Defendant is waiving certain constitutional rights, Defendant understands the retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.  Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

   4)   Elements of the Offense:

   The United States and Defendant agree that in order to convict Defendant of Threats in Interstate Commerce in violation of 18 U.S.C. § 875(c), the United States would have to prove beyond a reasonable doubt the following elements:

   *First*, on or about January 16, 2020, in the Eastern District of Washington, the defendant knowingly transmitted a communication in interstate containing a threat to injure J.R.A.

   *Second*, the communication was transmitted for purpose of issuing a threat, or with knowledge that the communication would be viewed as a threat.

*See* Ninth Circuit Model Jury Instructions 8.47B

   5)   Factual Basis and Statement of Facts:

   The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at

trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On September 18, 2019, the Colville Tribes charged TATSHAMA with domestic violence battery in Colville Tribal Court case number CR-2019-42189. TATSHAMA appeared before the tribal court for arraignment the same day. Approximately one month later, on October 16, 2019, the Tribes charged TATSHAMA with domestic violence strangulation and battery in case number is CR-2019-42213. TATSHAMA appeared before the tribal court for arraignment on October 28, 2019. The tribal court set the first case for a jury trial on December 13, 2019, and set the second case for a jury trial on January 9, 2020, with a pretrial readiness hearing on January 6, 2020. J.R.A., who was a dating partner of Defendant at the time of the tribal court charges, was the victim in both tribal court cases. Defendant ultimately pled guilty in both tribal court matters on May 28, 2020. Defendant and J.R.A. also share two children in common, and have been in a dating relationship for approximately 12 years.

On January 16, 2020, over the course of approximately 11 hours, Defendant sent a number of messages to J.R.A. via Facebook Messenger, which is an electronic communication system of interstate commerce. In these messages, which J.R.A. provided to tribal law enforcement, Defendant sent a series of threatening communications to J.R.A. reflecting an intent to intimidate and/or harass J.R.A. These messages included the following:

- Yeah, don't come back unless you got backup
- You must not know me. I could be the motherf*****g devil
- Yeah, come back and see
- Don't come back.
- Better stay away from me.

*United States v. Davis Henderson Tatshama* - Plea Agreement - 4

- I'm gonna f*** you up . . . Better not come back b****.
- I'll f*** you up.
- You're gonna find out really quick what happens with you f*** with me
- Don't come back or I'll f*** you up. Stay gone
- I'll f******g kill you
- Don't come back ever
- Better stay gone b**** forever. Don't come back.
- I'll kill you.
- Think I care about jail or prison. I'll go there twice just to let you know what happens when you f*** with me.
- What you at Nina's house I think I'll drive by.
- You come back today or the [] next day I'll still f*** you you (sic) better bring a weapon or someone to back you up because I'm gonna f*** you up.

Based on these messages, J.R.A. stated to tribal law enforcement that she was scared for her safety. J.R.A.'s fear was based, at least in part, on Defendant's past history of assaulting J.R.A.

Defendant admitted to sending the threatening message to J.R.A. in a tribal court proceedings, a handwritten letter, and in additional Facebook communications with a third party. In these additional Facebook communications, Defendant indicated that he threatened to "kick [J.R.A.'s] ass" and expressed concern that he might be going to prison.

6)    The United States Agrees:

The United States Attorney's Office for the Eastern District of Washington agrees to dismiss Count 1 of the Second Superseding Indictment charging Defendant with Cyberstalking in violation of 18 U.S.C. 2261A(2)(B), 2261(b)(5) at the time of sentencing. The United States further agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged

1  in the Second Superseding Indictment, unless Defendant breaches this Plea

2  Agreement any time before or after sentencing.

3      7)    United States Sentencing Guideline Calculations:

4      Defendant understands and acknowledges that the United States Sentencing

5  Guidelines ("U.S.S.G.") are applicable to this case and that the Court will determine

6  Defendant's applicable sentencing guideline range at the time of sentencing.

7          a)    Base Offense Level:

8      The United States and Defendant believe that the base offense level for Threats

9  in Interstate Commerce in violation of 18 U.S.C. § 875(c) is 12.  See U.S.S.G. § 2A6.1

10         b)    Specific Offense Characteristics:

11     The United States and Defendant agree to the following specific offense

12 characteristics:

13     The parties agree that a two-point upward adjustment applies for sending two or

14 more threatening communications.  See U.S.S.G. § 2A6.1(b)(2).  The parties also

15 agree that Defendant was not subject to a protective order at the time of the offense

16 and that there would be no upward adjustment pursuant to U.S.S.G. § 2A6.1(b)(3).

17     The parties have not reached an agreement whether the offense involved

18 conduct evidencing an intent to carry out such threat, which results in a 6-point

19 upward adjustment pursuant to U.S.S.G. § 2A6.1(b)(1).  The United States is free to

20 argue for this upward adjustment at sentencing.

21     The parties are free at sentencing to argue for or against any additional upward

22 or downward adjustments identified by the Presentence Investigation Report writer.

23         c)    Acceptance of Responsibility:

24     If the adjusted offense level is less than 16 and Defendant pleads guilty and

25 demonstrates a recognition and an affirmative acceptance of personal responsibility

26 for the criminal conduct; provides complete and accurate information during the

27 sentencing process; does not commit any obstructive conduct; accepts this Plea

28 Agreement; and enters a plea of guilty, the United States will move for a two (2) level

downward adjustment in the offense level for Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a).

If the adjusted offense level is 16 or greater and Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; the United States will move for a three (3) level downward adjustment in the offense level for Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a two (2) or three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

d)    Criminal History:

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

8)    Incarceration:

The parties agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to a recommend a sentencing range of 20 – 27 months.

9)    Criminal Fine:

The parties agree to recommend the Court impose no criminal fine.

10)    Supervised Release:

The United States and Defendant agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to a three-year term of supervised release to include any special conditions as determined by probation:

11)   Restitution:

The parties agree restitution is required. *See* 18 U.S.C. §§ 3663A, and 3664. Further, pursuant to 18 U.S.C. § 3663(a)(3), the Defendant voluntarily agrees to pay the agreed upon restitution amount for all losses to all victims caused by the Defendant's course of conduct in exchange for the United States not bringing additional potential charges, regardless of whether counts of the Indictment dealing with such losses were resolved in connection with Defendant's state case.

(a)   Restitution Amount and Interest

The parties hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 3663A and 3664, the Court should order restitution in an amount to be determined at or before sentencing. The interest on this restitution amount, if any, should be waived.

(b)   Payments

To the extent restitution is ordered, the parties agree the Court will set a restitution payment schedule based on his financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). That being said, Defendant agrees to pay not less than 10% of his net monthly income towards his restitution obligation.

(c)   Treasury Offset Program and Collection

Defendant understands the Treasury Offset Program collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or

assets. See 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

    (d)    Notifications and Waivers

The Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution. See 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

The Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(1)(F). This obligation ceases when the restitution is paid-in-full.

Defendant acknowledges that the Court's decision regarding restitution is final, non-appealable, and not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that is, even if Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis to withdraw his guilty plea, withdraw from this Plea Agreement, or appeal his conviction or sentence of incarceration.

    12)    <u>Mandatory Special Penalty Assessment</u>:

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States as proof of this payment.

    13)    <u>Payments While Incarcerated</u>:

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

    14)    <u>Appeal Rights</u>:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, with the caveat that he reserves the right to appeal the restitution order should that order impose an obligation that he pay $3,000 or more. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

15) <u>Pretrial Custody</u>

The Defense anticipates requesting Defendant's release from custody pending sentencing upon entry of this guilty plea. The United States will agree upon entry of Defendant's guilty plea, not to oppose Defendant's release pending sentencing on conditions to be determined by the Court and Pretrial Services, including that Defendant have no contact with J.R.A.

16) <u>Integration Clause:</u>

United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney

_Richard R. Barker_ _(signature)_      _12/17/2020_
Richard R. Barker      Date
Assistant U.S. Attorney

_Richard R. Barker for_ _(signature)_      _12/17/2020_
Michael Vander Geissen      Date
Special Assistant U.S. Attorney

    I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_Davis Tatshama_ _(signature)_      _12-17-20_
DAVIS HENDERSON TATSHAMA, SR.      Date
Defendant

    I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_(signature)_      _12/18/2020_
J. Stephen Roberts      Date
Attorney for Defendant